FILED
2017 May-30 PM 04:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JANICE R. JENKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. _____________** |
| | ) | |
| **THE TUSCALOOSA CITY** | ) | **JURY TRIAL DEMANDED** |
| **BOARD OF EDUCATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Janice R. Jenkins, by and through her attorneys of record, and for her Complaint against Defendant, The Tuscaloosa City Board of Education , states as follows:

## NATURE OF THE CASE

1. This is a lawsuit brought by the Plaintiff, Janice R. Jenkins, who has been affected by the discrimination alleged in the claims set forth below, seeking permanent relief from unlawful discriminatory practices involving the failure to remedy systemic employment discrimination on the basis of race, retaliation for having engaged in a protected activity under Title VII, as well as discrimination on the basis of Plaintiff's disabilities. The practices committed by the Defendant violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981, and the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, et seq.

"ADAAA").

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII and the ADAAA. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff filed Charge Number 846-2016-24736 (attached hereto as Exhibit A). Plaintiff timely files this action within ninety (90) days of receipt of her Notice of Right to Sue from the EEOC, dated as having been mailed on February 27, 2017, (attached hereto as Exhibit B).

4. The Defendant is located and/or doing business within this judicial district and division. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

**PARTIES**

5. Plaintiff, Janice R. Jenkins ("Plaintiff" or "Jenkins"), is an adult resident of the state of Alabama.

6. Defendant, Tuscaloosa City Board of Education (hereinafter "Tuscaloosa City Schools," "the Board", or "Defendant"), is located, and doing business, within

this judicial district and division.

**STATEMENT OF FACTS**

7. Plaintiff is a 57 year-old African-American female, with disabilities related to hearing loss, high blood pressure and diabetes.

8. Plaintiff has been working a full-time position for Tuscaloosa City Schools since 1988 as an Aide.

9. Plaintiff reports to Kyle Ferguson, principal, who is Caucasian.

10. Plaintiff had previously worked in the library, but had complained about that environment previously due to air conditioning problems and the presence of mice and insects in the area in which she was assigned.

11. As a result of her complaints regarding the requirement she work in the library, in approximately the spring of 2015, Principal Ferguson transferred Plaintiff away from the library, directing Plaintiff to work with front office personnel in connection with duties related to attendance, athletics and ISI.

12. On May 4, 2016, Plaintiff was at the time clock along with Debbie Kizzire, secretary, white, and Robin Duvall, bookkeeper, white. They were discussing the fact that Mr. Ferguson and Mrs. Irvin, Assistant Principal, white, had accessed Ms. Kizzire's computer and changed her passcode while she was on vacation, and both were angry about it. Kizzire remarked that Ferguson and Irvin

needed to get their butts kicked for doing so.  Plaintiff relayed to Kizzire and Duvall in that conversation that she had heard statements from teachers to that effect as well.

13.	That afternoon, Plaintiff was called into Principal Ferguson's office. Ms. Box, Assistant Principal, Caucasian, was in the room with Ferguson. Ferguson proceeded to question Plaintiff about what was said in the conversation at the time clock.  Plaintiff told him what was said and what other, white employees said about Ferguson and Irvin's getting into the computer of Ms. Kizzire.

13.	Thereafter, Ferguson punished Plaintiff by placing her back in the library position, which required that she be in a storage room that contained the insects and mice that Plaintiff had previously complained of to Ferguson the prior year.

14.	White, non-disabled employees who had made the same remarks as, or worse than, Plaintiff about the computer passcode incident were not so disciplined.

15.	The placement of Plaintiff in the storage room was intended to cause Plaintiff harm in that she was subject to numerous insect bites and an adverse physical environment, and Ferguson required her to do cleaning of the room and janitorial duties, which caused her to be physically sick.  Cleaning and janitorial duties are not the proper duties of an aide.

16.	On August 2, 2016, Plaintiff filed a charge of discrimination and retaliation with the EEOC.

17. Plaintiff was retaliated against by Ferguson and others in administration who gave her conflicting information as to her duties. Ferguson also told her that she was forbidden to speak with anyone in the front office, and she was given unrealistic deadlines for her assignments.

**COUNT ONE**
**TITLE VII – RACE DISCRIMINATION**
**(DISPARATE TREATMENT)**

18. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

19. In taking the above-described actions, Defendant intentionally discriminated against Plaintiff on the basis of her race, African-American, in violation of Title VII. Black employees and white employees were not treated similarly, with regard to discipline and corrective action.

20. Defendant condones and allows race-based discrimination. Defendant's actions were in violation of Title VII, and were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

21. As a proximate consequence of the violation of Title VII by Defendant, Plaintiff has suffered and will continue to suffer damage to her professional life and future career opportunities, past and future pecuniary losses, embarrassment, emotional pain, inconvenience, mental anguish, and non-pecuniary damages.

22. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a. Injunctive relief;

b. Pre-judgment interest;

c. Attorneys' fees;

d. Costs;

e. Compensatory damages for loss of wages, loss of benefits, mental anguish, embarrassment, emotional distress; and

f. Such other legal or equitable relief to which Plaintiff may be entitled.

**COUNT TWO**
**TITLE VII – RACE DISCRIMINATION**
**(HOSTILE WORK ENVIRONMENT)**

23. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

24. In taking the above-described actions, Defendant intentionally discriminated against Plaintiff on the basis of her race, African-American, in violation of Title VII.

25. Defendant's actions created, fostered, nurtured, tolerated, condoned, or

otherwise permitted a racially hostile environment in violation of Title VII.

26.  Defendant condones and allows race-based discrimination and a racially hostile work environment. Defendant's actions were in violation of Title VII, and were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

27.  As a proximate consequence of the violation of Title VII by Defendant, Plaintiff has suffered and will continue to suffer damage to her professional life and future career opportunities, past and future pecuniary losses, embarrassment, emotional pain, inconvenience, mental anguish, and non-pecuniary damages.

28.  Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

    a.  Injunctive relief;

    b.  Pre-judgment interest;

    c.  Attorneys' fees;

    d.  Costs;

    e.  Compensatory damages for loss of wages, loss of benefits, mental anguish, embarrassment, emotional distress; and

  f. Such other legal or equitable relief to which Plaintiff may be entitled.

**COUNT THREE**
**TITLE VII – RACE DISCRIMINATION**
**(RETALIATION)**

29. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

30. In taking the above-described actions as set forth in Paragraph 17 above, Defendant intentionally discriminated against Plaintiff on the basis of her race, African-American, in violation of Title VII. Employees who had participated in protected activity regarding their rights were not treated similarly to employees who had not complained.

31. Actions taken by Defendant constituted retaliation against Plaintiff in violation of her federally-protected rights, including her right to voice complaints of discrimination.

32. Defendant condones and allows race-based discrimination and retaliation. Defendant's actions were in violation of Title VII, and were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

33. As a proximate consequence of the violation of Title VII by Defendant, Plaintiff has suffered and will continue to suffer damage to her professional life and

future career opportunities, past and future pecuniary losses, embarrassment, emotional pain, inconvenience, mental anguish, and non-pecuniary damages.

34. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a. Injunctive relief;

b. Pre-judgment interest;

c. Attorneys' fees;

d. Costs;

e. Compensatory damages for loss of wages, loss of benefits, mental anguish, embarrassment, emotional distress;

f. Punitive damages, to deter such conduct in the future; and

g. Such other legal or equitable relief to which Plaintiff may be entitled.

## COUNT FOUR
## 42 U.S.C. § 1981 via § 1983
## RACE DISCRIMINATION
## (DISPARATE TREATMENT, HOSTILE WORK ENVIRONMENT, AND RETALIATION)

35. Plaintiff adopts and re-alleges each and every allegation contained in

this Complaint as if set out anew herein.

36. Plaintiff suffered adverse employment actions due to the racially discriminatory and retaliatory actions of Principal Ferguson against her as described herein.

37. Defendant intentionally and willfully discriminated against Plaintiff due to her race, black, in violation of § 1981, via 42 U.S.C. § 1983. Said actions of Defendant were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

38. As a proximate consequence of the violations of § 1981, via 42 U.S.C. § 1983, by Defendant, Plaintiff has suffered and will continue to suffer damage to her professional life and future career opportunities, future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

    a. Pre-judgment interest;

    b. Attorneys' fees;

    c. Costs;

    d. Compensatory damages for loss of wages and loss of benefits,

including, but not limited to, retirement and pension benefits, mental anguish, emotional distress, and embarrassment, both past and future; and

e. Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of § 1981, via 42 U.S.C. § 1983, or to which Plaintiff may otherwise be entitled.

**COUNT FIVE**
**ADAAA -DISABILITY DISCRIMINATION**
**(42 U.S.C. § 12101, et seq.)**

39. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

40. Plaintiff was in a protected class and came within coverage of the Americans with Disabilities Act, as amended ("ADAAA"), in that Plaintiff suffered from one or more disabilities, including advanced hearing loss, high blood pressure and diabetes.

41. In express violation thereof, Defendant discriminated against Plaintiff in the terms and conditions of her employment based on discipline and/or corrective actions taken against her.

42. The reason given for the actions of Defendant is a pretext for disability discrimination, and was willfully done with malice or reckless indifference to the rights of Plaintiff.

43.     As a result of such discrimination, Plaintiff was caused to be injured and damaged; to have her career significantly and adversely impacted; and to undergo an adverse environment that significantly and negatively impacted her physically, as well as caused her loss in her reputation and job opportunities and advancement.

44.     Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a.  Injunctive relief;

b.  Pre-judgment interest;

c.  Attorneys' fees;

d.  Costs;

e.  Compensatory damages for loss of wages, loss of benefits, mental anguish, embarrassment, emotional distress;

f.  Punitive damages, to deter such conduct in the future; and

g.  Such other legal or equitable relief to which Plaintiff may be entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

**Respectfully submitted,**

**/s/ John D. Saxon**
**John D. Saxon**
**Alabama Bar No. ASB-3258-O71J**
**Donna S. Cude**
**Alabama Bar No. ASB-7680-W18A**
**Attorneys for Plaintiff**

**OF COUNSEL:**

**JOHN D. SAXON, P.C.**
**2119 3rd Avenue North**
**Birmingham, Alabama 35203**
**Telephone: 205.324.0223**
**Facsimile: 205.323.1583**
**Email: jsaxon@saxonattorneys.com**
**dcude@saxonattorneys.com**

**PLAINTIFF'S ADDRESS:**

Janice R. Jenkins
3719 Hargrove Road East, Unit 322
Tuscaloosa, AL 35405

**PLEASE SERVE DEFENDANT BY**
**CERTIFIED MAIL RETURN RECEIPT REQUESTED:**

The Tuscaloosa City Board of Education
c/o Eric Wilson, Chair
1210 21st Avenue
Tuscaloosa, Alabama 35401